IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **REMERE ELLIS,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 3:06-0224** |
| ) | **(Criminal No. 3:02-0069)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Application to Proceed *in forma pauperis* (Document No. 578.)[1], Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[2] (Document Nos. 580 and 581.) Having conducted a thorough examination of the record in this matter and the underlying criminal proceedings, the undersigned has determined that the record conclusively shows that Movant is not entitled to relief under Section 2255 and respectfully recommends that this matter be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Movant was charged along with several others in six Counts of a 36 Count Indictment filed on March 14, 2002, with conspiring to possess more than fifty grams of cocaine base with the intention of distributing it in violation of 21 U.S.C. § 846 (Count One) and distributing and aiding and abetting the distribution of cocaine base in December, 1999 (Count Eleven), and March and

---

[1] The undersigned will grant Movant's Application to Proceed *in forma pauperis* by Order filed separately herewith.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

April, 2001 (Counts Twenty-Two through Twenty-Five), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. United States v. Newman, Criminal No. 3:02-0069, Document No. 1. Movant was represented in District Court proceedings by attorney Nelson R. Bickley. Movant entered a guilty plea to the charges contained in Count Twenty-Five of the Indictment on April 9, 2002. (Id., Document Nos. 133, 134 and 142.) The District Court sentenced Movant on September 16, 2002, to a 160 month term of imprisonment and a three year term of supervised release and imposed a $100 special assessment and a $1,000 fine. (Id., Document No. 391.)[3] Movant appealed his conviction and sentence. (Id., Document No. 398.) Movant requested that Mr. Bickley be relieved from representing him on appeal, and his request was granted. (Id., Document Nos. 403 and 410.) Mr. Sol Rosen represented Movant on appeal. (Id., Document No. 410.) Mr. Rosen filed an Anders brief on appeal raising two issues: whether the District Court properly conducted the plea colloquy pursuant to Federal Rule of Criminal Procedure 11 and whether the District Court properly found that Movant's base Offense Level under the Sentencing Guidelines was 36. Movant claimed in a *pro se* supplemental brief that (1) he was coerced into pleading guilty; (2) his sentence should have been determined on the basis of the amount of cocaine base which he sold in controlled buys; and (3) Mr. Bickley was ineffective in representing him.(Id., Document No. 492 and United States v. Ellis, 82 Fed.Appx. 320, 2003 WL 22888874 (C.A.4 (W.Va.).) On December 8, 2003, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. (Id.) On December 30, 2003, the Fourth Circuit entered its judgment. (Id., Document No. 494.) Movant did not seek review in the

---

[3] By Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) filed on April 18, 2008, the District Court reduced Movant's term of incarceration from 160 months to 124 months. (Document No. 642.) The Bureau of Prisons' Inmate Locator indicates that Movant's projected date of release from custody is December 4, 2010.

United States Supreme Court. On March 27, 2006, Movant filed his Application to Proceed *in forma pauperis* (Document No. 578.), Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Document Nos. 580 and 581.) Movant contends that his trial attorney, Mr. Bickley, was ineffective in representing him in failing to object that the United States breached its oral promise that Movant's sentence would be determined based upon his sale of 1.8 grams of cocaine base to a confidential informant. (Document No 581, pp. 4 - 6.) Movant claims as follows (Id., p. 7.):

> [Movant] was denied effective assistance of counsel here in that defense counsel failed to place on the record the verbal promise made by the government as part of its agreement to [Movant] in return for pleading guilty. Defense counsel was further ineffective in that he failed to object to the breached promise made in securing [Movant]'s guilty plea; failed to advise [Movant] to withdraw his guilty plea in light of the breached promise by the government; and failed to object to a quantity of cocaine base in excess of 500 grams that has been attributed to [Movant] in determining his base offense level when there is no reasonable basis upon which such an amount could be justified.

Movant further contends that his appellate attorney, Mr. Rosen, was ineffective in representing him in failing to argue that (1) he pled guilty based upon the United States' promise that he would be held accountable at sentencing for involvement in the distribution of significantly less cocaine base than the District Court found and (2) the District Court erred in determining that he was involved in the distribution of more than 500 grams of cocaine base. (Id., p. 10.)

The Court filed an Order on March 27, 2006, requiring Respondent to file a Response to Movant's Motion and allowing Movant to file a Reply. (Document No. 585.) Respondent filed a Response on April 20, 2006. (Document No. 586.) Respondent asserts that "this Court need not reach the merits of [Movant]'s claim inasmuch as his motion is clearly time-barred. In this case [Movant] appears to have received a sentence well within the statutory parameters after a completely

3

voluntary plea. Even if the obvious violation of the time limits applicable to Motions to Vacate Sentence could be excused, [Movant] has not stated a basis for disturbing his criminal conviction or sentence." (Id., p. 3.)

On April 21, 2006, the Court filed an Order notifying Movant that he could file a Reply to Respondent's Response. (Document No. 587.) Movant filed a Reply on May 11, 2006. (Document No. 588.) Movant concedes that his Section 2255 Motion "was technically filed out of time." (Id., p. 3.) Movant indicates, however, that the FCI where he was held was on institutional lock-down between February and April, 2005. Movant indicates that during that period of time, he did not have access to writing materials and could not send or receive mail or use the law library. (Id., p. 4.) When the restrictions lifted somewhat, Movant states, he did not have the Court's address and did not know "how to properly articulate the extraordinariness of the circumstances that he was confronted with in a manner commensurate with timely meeting the filing requirements for submitting his § 2255 motion . . .. For this reason, [Movant] had to wait until the institution returned to normal operation before he was able to gain access to the law library and the assistance of other inmates who retained a broader understanding of his situation than he did before he was able to properly petition the court through correspondence to grant him an extension of time to file his § 2255 motion. In this sense, [Movant] is entitled to the benefits of equitable tolling because his application would have been timely filed but for the events spanning the lock-down . . . during the time his application for post-conviction relief was supposed to have been filed." (Id., pp. 5 - 6.)

## **DISCUSSION**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under

4

28 U.S.C. § 2255. Section 2255 provides that the one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

Movant's sentence became final on March 29, 2004, ninety days after the Fourth Circuit's entry of its judgment (December 30, 2003). See Supreme Court Rule 13.1; Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(citing Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). As Section 2255 requires that motions thereunder must be filed within one year from "the date on which the judgment of conviction becomes final", Movant had until March 29, 2005, to file his Section 2255 Motion. Movant filed his Motion on March 27, 2006, nearly one year after the period of time allowed for doing so had expired. The undersigned notes that Movant wrote to the Court in January, 2006, requesting an

5

extension of time for filing his Section 2255 Motion and indicating that he had written to the Court on or about April 12, 2005, and again in November, 2005, requesting an extension. (Document No. 574.) In an Order filed on February 8, 2006, the District Court stated that it "has no record of any previous letters" and "has no authority to extend the deadline for a motion under § 2255." (Document No. 575.) The Court directed the Clerk to send Movant the forms for filing his Motion and required him to file them within thirty days along with "information, including any documents he may have, in support of his claim that he sent the earlier letters." (Id.) It does not appear that Movant provided any proof of the earlier mailings. The undersigned finds that Movant's Section 2255 Motion was filed well beyond the period of time allowed for doing so, is clearly untimely and must be dismissed unless circumstances are evident which would permit the equitable tolling of the one-year period of limitation.

      The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time); United States v. Sosa, 364 F.3d 507, 512 - 513 (4th Cir. 2004)("As a general matter, the federal courts will

apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Federal Courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.") Courts have been disinclined to find that being transferred or being on lock-down and therefore without access to personal legal materials and a prison law library is an extraordinary circumstance sufficient for equitable tolling in the context of *habeas* proceedings. See for example United States v. Anderson, 238 F.3d 415, 2000 WL 1781614 (C.A.4 (N.C.))(transfer among several correctional facilities and denial of access to legal materials insufficient for equitably tolling Section 2255's one year limitations period.); Hooks v. United States, 2010 WL 558634

(D.S.C.)(denial of access to legal materials); United States v. Johnson, 2010 WL 348015, fn. 3 (W.D.Va.)("Where a petitioner claims that the transfer interfered with law library access, or access to his persona legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling."); Murphy v. United States, 2009 WL 2579648, * 3 (E.D.N.C.)("[C]ourts have held that lack of access to legal materials while in prison and the lock-down status of a prison preventing access to legal materials are not reasons for a court to invoke equitable tolling. Likewise, the lock-down status of a prison at the time that a filing is due has been found insufficient grounds to trigger equitable tolling."); Davis v. United States, 2002 WL 32656623 (E.D.N.C.).

Movant has not demonstrated that he pursued his rights under Section 2255 diligently. The Section 2255 one-year limitation period began to run on March 29, 2004. Movant had until March 29, 2005, to file his Section 2255 Motion. Movant claims that he was on lock-down between February and April, 2005, a relatively small portion of the one-year period of time he had to file his Section 2255 Motion. Movant had the roughly ten month period from April, 2004, to February, 2005, to work diligently on his Section 2255 Motion and get it filed. It is not evident that he did so. Movant filed his Section 2255 Motion on March 27, 2006, ten or eleven months after the lock-down ended and nearly one year after the period of time allowed for doing so had expired indicating his further lack of diligence after the period of limitation had run. Movant has not demonstrated that there is any basis for the equitable tolling of Section 2255's one-year period of limitation. Accordingly, extraordinary circumstances justifying equitable tolling do not exist and therefore, consistently with the decisions of other Courts in this Circuit, Movant's Section 2255 Motion must be dismissed as untimely.

Overlooking Movant's filing of his Section 2255 Motion beyond the one year period allowed under Section 2255, the undersigned finds that his claims that his trial and appellate counsel were ineffective in representing him are without merit.

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show

9

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

Having conducted a thorough examination of the record in this matter and the underlying criminal proceedings, the undersigned finds that Movant has not identified any acts or omissions of Mr. Bickley or Mr. Rosen which fell "outside the wide range of professionally competent assistance." There is no indication in the record that Movant was induced to plead guilty based upon an oral promise of the United States respecting the amount of cocaine base he distributed. The written plea agreement provided that "[t]his written agreement constitutes the entire agreement between the United States and Mr. Ellis in this matter." (Document No. 134, ¶ 12.) At his plea

hearing, the District Court advised Movant of the maximum penalties to which he was subject in pleading guilty. (Document No. 416 (transcript of plea hearing), p. 15.) Movant acknowledged that he understood that the sentence the District Court imposed might be different from any estimate Mr. Bickley had made. (Id., p. 18.)Movant did not mention any other agreement or understanding he had at his plea hearing when the District Court inquired about it (Id., pp. 22 - 23.):

> THE COURT: Has anyone forced you or threatened you or coerced you or talked you into pleading guilty against your will?
>
> DEFENDANT: No, sir.
>
> THE COURT: Are you acting voluntarily and of your own free will in entering this guilty plea?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Is pleading guilty your own idea?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Has anyone promised you something or told you anything different from what we've discussed today to get your to plead guilty?
>
> DEFENDANT: No, sir.

At sentencing, Mr. Bickley challenged the Office of Probation's proposal that Movant's base Offense Level should be 38 claiming that it should be 36. During the hearing, Movant acknowledged his involvement in distributing between 500 grams and 1.5 kilograms of cocaine base and agreement that his base Offense Level should be 36 (Document No. 417 (transcript of sentencing hearing), pp. 6 - 7.):

> THE COURT: Your attorney is telling me that you all believe that the base offense level ought to be 36. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: And to be 36, that means that the court would have to find that at least 500 grams of crack and not more than one and a half kilos of crack should be attributed to you.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that? And do you believe and agree that between 500 grams and 1.5 kilograms is a fair and honest estimate –
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: – of the amount of drugs that you dealt with with these people?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you understand if I accept that, that the court will sentence you based upon a base offense level of 36, starts at level 36?
>
> THE DEFENDANT: Yes, sir, I do.

Movant did not mention any promise of the United States or understanding he had that his sentence would be determined on the basis of a significantly smaller amount of cocaine base. The District Court accepted Movant's position finding that his base Offense Level was 36. Thus, the record reflects that Mr. Bickley and Mr. Rosen were clearly not constitutionally ineffective in representing Movant in the trial and appellate Courts. To the contrary, it is evident from the record that they rendered reasonable, competent and professional representation.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on March 31, 2005 (Document No. 580.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se* and transmit a copy to counsel of record.

Date: August 5, 2010.

R. Clarke VanDervort
United States Magistrate Judge